39 F.3d 1193
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard DeWaine WHITE, Defendant-Appellant.
 No. 94-5021.
 United States Court of Appeals, Tenth Circuit.
 Oct. 26, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Leonard White appeals from an order of the district court revoking his term of supervised release and sentencing him to imprisonment for a period of two years. Appellant alleges that the district court erred in finding that the preponderance of the evidence showed that he possessed controlled substances after two prior felony convictions. He further argues that the district court erred in sentencing him to an additional two years' imprisonment. We affirm.
 
 
 3
 This court reviews a decision to revoke supervised release for an abuse of discretion, giving due deference to the district court's evaluation of the credibility of the evidence received during the revocation and sentencing hearings. United States v. Cook, 949 F.2d 289 (10th Cir.1991). In this case the transcript of the revocation and sentencing hearings makes clear that the district court was not clearly erroneous in its finding that appellant possessed controlled substances. Although appellant was not in physical possession on his person of the methamphetamine at the time of his arrest, the circumstantial evidence of possession includes defendant's demeanor as well as the drug paraphernalia and methamphetamine found in appellant's truck on more than one occasion. We cannot say that the district court was clearly erroneous in determining that appellant possessed a controlled substance. Further, under 18 U.S.C. 3583(e)(3), the district court was authorized to impose a sentence of imprisonment up to two years. The district court relied on at least three incidents involving appellant during a short period of time that involved drugs, drug paraphernalia, and the break-in of a commercial building. We cannot say the district court abused its discretion in sentencing appellant to two years of imprisonment. The order of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470